## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARY JANE CARTER ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:05CV00268 |
| ) | |
| RANDOLPH COUNTY JAIL ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE**

Mary Jane Carter ("Petitioner"), a prisoner of the State of North Carolina, seeks relief pursuant to 28 U.S.C. § 2254. On May 3, 2002, in the Superior Court of Randolph County, Petitioner was convicted after trial by jury of first-degree murder, first-degree kidnapping, and common law robbery. She was sentenced to life imprisonment without parole, 116-149 months imprisonment, and 16-20 months imprisonment respectively. In an unpublished decision dated July 6, 2004, the North Carolina Court of Appeals found no error in Petitioner's trial. *State v. Carter*, No. COA03-318, 2004 WL 1829402 (N.C. App. July 6, 2004). Petitioner was represented at trial by attorneys Jonathan L. Megerian and Franklin E. Wells, Jr., and on appeal by attorneys James R. Glover and Ann B. Petersen.

Petitioner filed her *pro se* federal habeas petition with this court on February 22, 2005. Respondent has answered and moved for summary judgment. Petitioner has responded and requested this court to appoint counsel.

## Petitioner's Claims

Petitioner raises the following seven claims for relief in her habeas petition: (1) that her conviction was obtained by the use of a coerced confession; (2) that her conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest; (3) that her conviction was obtained in violation of her privilege against self-incrimination; (4) that the prosecutor failed to disclose evidence favorable to the defense; (5) that her conviction was obtained in violation of the protection against double jeopardy; (6) that the jury was unconstitutionally selected and impaneled; and (7) that she was denied the effective assistance of counsel.

## Discussion

On direct appeal to the North Carolina Court of Appeals, Petitioner challenged both the sufficiency of the first-degree murder indictment and the sufficiency of the evidence used to convict her of first-degree murder, first-degree kidnapping, and common law robbery. Petitioner sought neither further direct review nor state collateral review, and she does not raise the insufficient indictment or insufficient evidence claims before this court. Each of Petitioner's seven habeas claims, therefore, are raised for the first time in her federal habeas petition.

Because Petitioner failed to raise any of her habeas claims on direct appeal when she was in a position to adequately do so, they are non-exhausted and procedurally barred from federal habeas review. *See* N.C. GEN. STAT. § 15A-1419(a)(3) and (b) (A claim shall be denied when a petitioner was in a position to

have adequately raised it in a prior appeal and failed to do so, absent cause and prejudice or a fundamental miscarriage of justice.); *see also Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (Procedural default occurs when a habeas petitioner fails to exhaust state remedies and the court to which petitioner would be required to present her claims in order to fulfill the exhaustion requirement would now find the claim to be procedurally barred.). Petitioner has failed to establish either cause for excusing the procedural default and prejudice resulting therefrom, or that failure to consider her claims will result in a fundamental miscarriage of justice.

## Conclusion

**IT IS THEREFORE RECOMMENDED** that the petition for habeas corpus (docket no. 1) be **DENIED**, that Respondent's motion for summary judgment (docket no. 4) be **GRANTED**, and that judgment be entered dismissing all of Petitioner's claims.[1]

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

November 3, 2005

---

[1] Petitioner has requested that counsel be appointed to assist her in writing a brief in support of her claims for relief. Because this court recommends that Petitioner's claims be dismissed on procedural default grounds, to the extent that her request for the assistance of counsel should be treated as a formal motion, it is DENIED.